# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

ERIC LEHMON HILTON, #12348528,

        Petitioner,

v.                                                  ACTION NO. 2:08cv461

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,[1]

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The court recommends granting Respondent's Motion to Dismiss (Doc. 16), and dismissing the petition.

## I. STATEMENT OF THE CASE

**A.**    **Background**

Petitioner Eric Lehmon Hilton was convicted in the Circuit Court of the City of Norfolk for murder and use of a firearm in the commission of murder. The Felony Sentencing Order entered

---

[1] While Petitioner is presently incarcerated in Oregon, he will return to Virginia to serve the sentence from which he is seeking relief. Accordingly, the correct respondent is Gene M. Johnson, and it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Gene M. Johnson, Director of the Virginia Department of Corrections. See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (foll. 28 U.S.C. § 2254).

November 2, 1984, states Petitioner is sentenced to confinement "for a term of two years for Use of a Firearm on Indictment #1 and 20 years for Murder in the First Degree on Indictment #2 . . . And, the Court doth order that execution of 15 years of the aforesaid 20 year sentence be suspended for a period of 20 years." In his petition, Petitioner is challenging the revocation of the suspension of this sentence.

On December 20, 2000, Petitioner was convicted in the Circuit Court of the County of Multnomah, Oregon of felonious possession of a firearm and unlawful use of a firearm, and was sentenced to 180 months imprisonment. On February 25, 2001, Petitioner was convicted in the Circuit Court for the County of Multnomah, Oregon of rape in the first degree and rape in the third degree, and was sentenced to 125 months imprisonment.

On November 15, 2004, a "Probation Violation Capias" was entered in the Circuit Court of the City of Norfolk stating Petitioner was "placed on probation for a period of twenty (20) years following his release from confinement, has allegedly violated the terms of that probation," and ordering Petitioner to be brought before the court for a probation violation hearing.[2] A probation violation hearing was held on July 14, 2006. On August 3, 2006, Petitioner's "probation" was revoked, and he was sentenced to fifteen years imprisonment in the custody of the Virginia Department of Corrections to run consecutively with all other sentences.

Petitioner advised the court of his desire to appeal the judgment, and the court appointed Sherries Powers, Esq., to represent him on appeal. No appeal was filed. Petitioner has provided a phone log from an Oregon State Penitentiary counselor detailing twelve phone calls made by Petitioner to Ms. Powers from September 2006 through June 2007, in an effort to have an appeal

---

[2] Petitioner was never placed on probation by the Circuit Court of the City of Norfolk. Instead, he was given a suspended sentence.

filed. (Attachment to Doc. 29.) In addition, Petitioner made three phone calls to judge's chambers, as well as two phone calls to the clerk's office to address his attorney's unresponsiveness. Id.

Presumably prior to the revocation hearing, Petitioner sent a letter directly to the Hon. Alfred M. Tripp, the judge who presided over his probation revocation hearing, with a petition for writ of habeas corpus dated May 3, 2006, attached. Judge Tripp responded in a letter to Petitioner dated July 26, 2006, which stated, "In the future, please do not contact the Court directly, instead, you should contact your attorney, Ms. Sherries Powers, who was appointed as your attorney. By copy of this letter to Ms. Powers, I have provided her with a copy of your letter. You should discuss with her your desire to file a habeas corpus proceeding." (Resp. Reply Ex. 2.)[3] This habeas petition and correspondence were located by a Deputy Clerk with the Circuit Court of the City of Norfolk as she checked through the papers left by Judge Tripp when he retired from the court. Id. The petition, which alleged the same claims alleged in the current federal petition, has never been filed with the court. Id.[4]

In a letter dated January 15, 2008, a Norfolk Public Defender wrote to Petitioner stating that their office had been permitted to withdraw from his case. The letter further stated that in reviewing the habeas petition that he filed, he did not include a claim of ineffective assistance of counsel due

---

[3] Respondent has provided a letter from the Deputy Clerk, a copy of Judge Tripp's July 26, 2006 letter, and a copy of the petition for writ of habeas corpus signed by Petitioner on May 3, 2006. (Resp. Reply Ex. 2.) The original letter from Petitioner to Judge Tripp is not in evidence.

[4] Petitioner has provided a copy of a habeas petition dated August 2, 2006, which he asserts he filed with the Circuit Court of the City of Norfolk. (Doc. 22.) The petition he provides is completely different from the petition found with Judge Tripp's papers.

to his counsel's failure to file an appeal of the revocation, and advised that he amend his petition to include this claim.

Petitioner filed his federal habeas petition on March 24, 2008, in the United States District Court for the District of Oregon. By order entered September 23, 2008, the action was transferred to this Court. On October 27, 2008, the Respondent filed a Rule 5 Answer and Motion to Dismiss. Petitioner filed a motion to amend his petition on December 15, 2008, which was granted in part. Respondent filed an answer to the amended petition on February 18, 2009, and this matter is now ripe for adjudication.

**B.      Grounds Alleged**

Petitioner asserts he is entitled to relief under 28 U.S.C. § 2254 because:

1) the Circuit Court of the City of Norfolk issued a capias for his arrest without jurisdiction as the period of suspension fixed by the court expired prior to the court issuing the capias;

2) the capias referenced a probation violation when Petitioner was never placed on probation; and

3) Petitioner was denied a prompt revocation hearing.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.      Statute of Limitations**

Respondent asserts Petitioner's claims are barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

4

28 U.S.C. § 2244(d)(1)(A). Petitioner's sentence was revoked on August 3, 2006, and Petitioner did not appeal the revocation to the Virginia Court of Appeals. Therefore, the revocation became final on September 2, 2006, the date upon which his time for filing an appeal in the Virginia Court of Appeals expired. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000); Rule 5A:6 (directing that a notice of appeal must be filed within 30 days after entry of final judgment). Petitioner had one year, until September 2, 2007, to file his federal habeas petition. Petitioner filed his federal petition on March 24, 2008, six months after the statute of limitations expired. This Court cannot reach the merits of his claims unless Petitioner is entitled to equitable tolling.

Equitable tolling of the statute of limitations is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000). A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003) (en banc). Petitioner has established these two elements.

First, Petitioner's counsel's failure to file an appeal following his revocation hearing, despite repeated efforts by Petitioner to pursue his appeal, is ineffective assistance of counsel. The Fourth Circuit addressed the issue of whether attorney misconduct can ever be considered a circumstance external to the party's own conduct for equitable tolling purposes in Rouse v. Lee. 339 F.3d at 246. The court concluded, "attorney error that constitutes ineffective assistance of counsel is not attributable to the petitioner." Id. at 250. The petitioner bears no responsibility for ineffective assistance of counsel, "'not because . . . the error is so bad that the lawyer ceases to be an agent of

the petitioner,' but rather, because 'the Sixth Amendment itself requires that responsibility . . . be imputed to the State.'" Id. (quoting Coleman v. Thompson, 501 U.S. 722, 754 (1991). Therefore, the delay caused by Petitioner's counsel's inaction following his revocation hearing is a circumstance external to the Petitioner's own conduct, which should not be attributable to Petitioner.

Secondly, prior to his revocation hearing, Petitioner attempted to file a habeas petition with the Circuit Court of the City of Norfolk asserting the exact claims raised in his present petition.[5] He made the mistake of sending the petition directly to a judge's chambers instead of to the clerk's office, and the petition was never filed. Petitioner alleges he was under the mistaken belief that this petition was still under consideration in the Circuit Court of the City of Norfolk. (Doc. 20.) This belief is understandable given that in a letter dated January 15, 2008, one of Norfolk's public defenders wrote Hilton, stating,

> I have done some research on your matter. You were appointed Ms. Powers for your appeal and the Court of Appeals does not indicate that an appeal was ever filed on your behalf. This certainly appears to rise to a basis for Habeas Corpus. *In reviewing the habeas you filed*, it does not include this provision, so I would suggest filing another one adding the fact that you were appointed an attorney for an appeal and none was ever filed on your behalf.

(Attachment to Doc. 20 (emphasis added).) This letter indicates Petitioner's state habeas petition had been filed. It was reasonable for Petitioner to believe his petition was still under consideration.

Petitioner has shown that he both pursued his rights diligently, and that extraordinary circumstances external to his own conduct prevented him from timely filing his petition for writ of

---

[5] The present petition (Doc. 5), which is filed on a 28 U.S.C. § 2254 form, does not list the substantive claims. Instead, the form references an attached copy of the same petition mailed to Judge Tripp.

habeas corpus. Under these circumstances, it would unconscionable to enforce the limitations period against Petitioner, and equitable tolling should be applied to toll the statute of limitations.

**B.    State Procedural Bar**

Respondent argues that, aside from the fact that the petition is time-barred, this court cannot reach the merits of the petition because these claims are procedurally defaulted. Despite his best efforts, Petitioner has failed to exhaust his state remedies. The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Respondent asserts that if Petitioner were to raise these claims now in a state habeas petition, they would be barred by Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because the claims were not raised during the revocation proceeding or on appeal.

Notwithstanding the hurdles Petitioner may face if he were to file a state petition at this juncture, the court will address the merits of Petitioner's federal claims as the claims lack merit. See Bacon v. Lee, 225 F.3d 470, 477(4th Cir. 2000) (allowing the court to address the merits of a procedurally defaulted claim if the claim is meritless).

**C.    Merits**

Even if Petitioner's claims are not barred by the statute of limitations or a state procedural bar, they should be denied on the merits. Petitioner asserts in his first two claims that his due process[6]

---

[6] Petitioner does not reference the Due Process Clause, rather he refers to the Double Jeopardy Clause and the Ex Post Factor Clause of the constitutions of both the United States and

rights were violated because the written notice of his violation, the probation violation capias, was (1) untimely as it was issued after the 20-year period of suspension had expired; and, (2) improper because it references a violation of probation when Petitioner was not placed on probation. The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation or parole. Black v. Romano, 471 U.S. 606, 610 (1985) (citing Gagnon v. Scarpelli, 411 U.S. 778, 786 (1973) (probation); Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (parole)). The Supreme Court has found there is no difference relevant to the guarantee of due process between the revocation of probation and the revocation of parole. Gagnon v. Scarpelli, 411 U.S. at 782 . Similarly, there should be no analytical difference – as viewed through the lens of due process – between the revocation of probation or parole and the revocation of a suspended sentence, as occurred in this case. Accordingly, prior to the revocation of his suspended sentence, Petitioner was entitled to certain "minimum procedural safeguards," Black v. Romano, 471 U.S. at 611, which include, "written notice of the claimed violations." Gagnon v. Scarpelli, 411 U.S. at 786.

Petitioner asserts the Circuit Court lacked jurisdiction to revoke his suspended sentence because his written notice, the probation violation capias, did not issue until after the period of suspension had expired. In Virginia, once a defendant receives a suspended sentence, a judge's power to revoke the suspended sentence is governed by statute. See Grant v. Commonwealth, 292 S.E.2d 348, 350 (Va. 1982); Dyke v. Commonweatlh, 69 S.E.2d 483, 484 (Va. 1952). Under Virginia Code § 19.2-306, a court has up to one year after the expiration of the suspension period to notify a defendant of the potential revocation of his sentence for a violation which occurred during the period of suspension. The statute provides in pertinent part:

---

Virginia. This Court can only address violations of the United States Constitution, and the claims Petitioner makes are related to the protections afforded by the Due Process Clause.

8

    A.    In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court. . . .

    B.    The court may not conduct a hearing to revoke the suspension of sentence unless the court, within one year after the expiration of the period of probation or the period of suspension, issues process to notify the accused or to compel his appearance before the court. . . .

Va. Code § 19.2-306. On November 2, 1984, the trial judge suspended Petitioner's sentence for a period of twenty years, or until November 2, 2004. Petitioner was convicted in Oregon in 2000 and 2001 for offenses occurring in 1998 and 1999. Based on these Oregon convictions, a probation violation capias was issued on November 15, 2004, well within one year after the expiration of the period of suspension. The fact that this written notice was not received until after the period of suspension had expired is not a violation of Petitioner's due process right to written notice of the violation.

    Next, Petitioner correctly notes that the capias issued refers to a violation of probation, when he was never placed on probation. Petitioner argues the Circuit Court lacked jurisdiction to revoke his sentence as a result. (Doc. 20.) While the original sentencing order did not place Petitioner on probation, Petitioner was given a suspended sentence. Under Virginia law, all suspended sentences carry, whether explicitly stated or not, a provision for good behavior during the period of suspension. Marshall v. Commonwealth, 116 S.E.2d 270, 273 (Va. 1960). Petitioner's Oregon convictions clearly violated the good behavior requirement of his suspended sentence. Under Virginia Code § 19.2-306, the court may revoke the suspended sentence "for any cause the court deems sufficient that occurred at any time within . . . the period of suspension." The statute treats the period of probation and the period of suspension interchangably for purposes of revocation. Petitioner has not indicated how the reference to "probation" in the capias or during the revocation hearing, as opposed to "suspended

9

sentence," changed either the substance or the outcome of the proceeding. Petitioner's objection to the reference in the capias to probation could easily have been amended at the revocation proceeding, and is harmless error which did not have a "substantial and injurious effect or influence" in determining the outcome of the violation hearing. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). Therefore, Petitioner has failed to prove his constitutional rights were violated as a result of this mischaracterization of the proceeding.

Lastly, Petitioner asserts he was denied a prompt revocation hearing. In Morrissey and Gagnon, the Supreme Court held procedural due process requires a prompt revocation hearing when a parollee or probationer is taken into custody based on an alleged violation. Morrissey, 108 U.S. 471, 485; Gagnon, 411 U.S. 778, 786. However, the Supreme Court has further held that the procedural protection of an immediate hearing is inapplicable where an inmate is confined pursuant to a federal conviction, and has a detainer lodged against him for a later revocation hearing. See Moody v. Daggett, 429 U.S. 78, 87-88 (1976). Under these circumstances, a prompt hearing is unnecessary because (1) the subsequent conviction shows probable cause that a condition of release has been violated; and (2) the detainer does not immediately deprive the inmate of liberty. Id. at n.7. There is no constitutional right to a hearing until the inmate is taken into custody for the violation. Id. at 89; See also Rease v. Commonwealth, 316 S.E.2d 148, 152-53 (Va. 1984) (holding "when, as here, the probationer committed another crime within the probation period and is arrested by another jurisdiction, thereby placing himself beyond the jurisdiction and control of the sentencing court, the one-year time constraint of § 19.2-306 is suspended"). Petitioner's violation hearing was held July 14, 2006, while Petitioner was still serving his Oregon sentences. Therefore, Petitioner has failed to show that his constitutional rights have been violated.

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that Respondent's motion to dismiss be GRANTED and Petitioner's petition for writ of habeas corpus be DENIED and DISMISSED.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such

findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

$\underline{\phantom{XXXXXX}/s/\phantom{XXXXXX}}$
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 9, 2009

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Eric Lehmon Hilton, #12348528
OSP
Salem, OR 97310

Thomas Drummond Bagwell, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

April       , 2009